UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| PEOPLE'S CLUB INTERNATIONAL, INC., | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | Civil Action No. |
| | : | 3:18-CV-1144 (VLB) |
| v. | : | |
| | : | |
| PEOPLE'S CLUB OF NIGERIA | : | |
| INTERNATIONAL – NEW YORK | : | July 25, 2018 |
| BRANCH, INC., ET AL., | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION DENYING PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION  [DKT. NOS. 2, 3, 11]**

I. Introduction

Plaintiff People's Club of Nigeria International Inc. ("PCNI – New Haven" or "Plaintiff") filed a Complaint for Injunction and Other Relief, in which they allege that Defendants People's Club of Nigeria International – New York Branch, Inc. ("PCNI – New York") and People's Club of Nigeria International, Princeton Branch, Inc. ("PCNI – Princeton") (collectively, "Defendants") breached an agreement to hold a membership induction ceremony in Trumbull, Connecticut, by inviting inductees to a competing induction ceremony in East Elmhurst, New York.  Plaintiff seeks an injunction barring Defendants from holding the allegedly unauthorized membership induction ceremony in East Elmhurst and from making fraudulent misrepresentations that they speak for other PCNI branches in the Northeastern United States.  [Dkt. No. 2 at 1].  Plaintiff did not file any briefing regarding the request for this injunction, but it did file a proposed preliminary

1

injunction order [Dkt. No. 2]. For the reasons set forth below, the Court DENIES Plaintiff's request for a preliminary injunction.

II. Standard of Review

The "normal function" of a preliminary injunction is "to maintain the status quo pending a full hearing on the merits." *Treibwasser & Katz v. Am. Tel. & Tel. Co.*, 535 F.2d 1356, 1360 (2d Cir. 1976). To obtain preliminary injunctive relief, the moving party must establish "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks and citation omitted).

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). To satisfy the irreparable harm requirement, Plaintiff must demonstrate that absent a preliminary injunction, it will "suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *See Faiveley*, 559 F.3d at 118.

III. Analysis

Plaintiff alleges that it will suffer "reputational harm from perceived disunity" and financial harm, including from its "inability to meet lodging and

other logistical guarantees."[1] [Dkt. No. 11 ¶ 23]. "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Faiveley*, 559 F.3d at 118-19. An award of money damages can adequately redress any financial losses that PCNI – New Haven might suffer if membership inductees do not attend the Trumbull ceremony, and Plaintiff has not articulated any extraordinary circumstances that would justify issuing a preliminary injunction to prevent these losses.

The Court construes Plaintiff's complaint to allege that it will suffer reputational damages because it made representations and commitments and/or entered into contracts in reliance on hosting a regional induction ceremony and will not be able to satisfy its obligations if attendance is lower than expected. "'[I]rreparable harm through loss of reputation, good will, . . . business opportunities,' or loss of customer relationships can justify injunctive relief on a breach of contract claim." *Broker Genius, Inc. v. Volpone*, No. 17-CV-8627 (SHS), 2018 WL 2175552, at *9 (S.D.N.Y. May 11, 2018) (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 426 (2d Cir. 2004)). However, "absent extraordinary circumstances, generalized damage to reputation falls short of irreparable

---

[1] Plaintiff also alleges that prospective inductees will suffer irreparable harm if they are "fooled by the alternative ceremony." [Dkt. No. 1 at 6]. However, Plaintiff has not established that it has standing to assert any claims on behalf of prospective inductees, who are by definition, not yet members of PCNI, and who may be affiliated with branches other than PCNI – New Haven. Presumably, all of PCNI – New Haven's prospective inductees plan to attend the Trumbull ceremony, because they will have been instructed to do so by PCNI – New Haven, and because Trumbull is more convenient to New Haven than East Elmhurst.

3

injury." *TGG Ultimate Holdings, Inc. v. Hollett*, No. 16 CIV. 6289 (VM), 2016 WL 8794465, at *4 (S.D.N.Y. Aug. 29, 2016).

Most cases in the Second Circuit in which preliminary injunctions have been granted to prevent loss of reputation alleged a less speculative or hypothetical harm than is present in this case. *See Rex Med. L.P. v. Angiotech Pharm. (US), Inc.*, 754 F. Supp. 2d 616, 621 (S.D.N.Y. 2010) ("Typically, cases where courts have found irreparable harm from a loss of goodwill or business relationships have involved situations where the dispute between the parties leaves one party unable to provide its product to its customers."); *see also, e.g.*, *Register.com*, 356 F.3d at 404 (injunctive relief is appropriate where it would be "very difficult to calculate monetary damages that would successfully redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come"); *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907-08 (2d Cir. 1990) (holding that "terminating the delivery of a unique product to a distributor whose customers expect and rely on the distributor for a continuous supply of that product almost inevitably creates irreparable damage to the good will of the distributor."); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 444 (2d Cir. 1977) (holding that where defendant was the largest supplier of a particular product, the loss of the ability to distribute this product would place plaintiff at such a competitive disadvantage that the resulting loss could not be remedied by monetary damages). Plaintiff has not alleged that the Marriott Trumbull or other vendors involved in the induction ceremony are the only providers of the services needed for an induction ceremony. Nor have they

alleged that the viability of their organization depends on their reputation among these vendors, such that the potential inability to use these services in the future will cause incalculable damages.

Plaintiff has not alleged facts asserting that it would suffer irreparable reputational damage. Plaintiff has not alleged that the Marriott Trumbull or other induction ceremony vendors are relying on the induction ceremony to generate significant revenue, such that a cancellation would cast the organization in such a negative light that it would impede its ability to engage their services in the future. Nor have they alleged that the organization has a reasonable expectation of engaging their services in the future, or other facts tending to show that the organization's viability depends on its reputation among these vendors. In short, Plaintiff does not allege it will suffer incalculable damages if an injunction does not issue.

"Moreover, a finding of irreparable harm to reputation and goodwill inherently is dependent upon whether and how far the allegedly detrimental information is spread." *Jamaica Ash & Rubbish Removal Co. v. Ferguson*, 85 F. Supp. 2d 174, 182 (E.D.N.Y. 2000). Plaintiff has not indicated who within the community will learn of its failure to meet lodging and other logistical guarantees, or how this knowledge will impact its ability to obtain such services in the future.

Plaintiff also alleges that it will suffer irreparable reputational harm due to "perceived disunity." It is not at all obvious to the Court that holding multiple induction ceremonies in the Northeastern United States would result in reputational harm, particularly if the Trumbull ceremony is well run and the

5

prospective members who attend are effectively inducted into the organization. Moreover, the cat is out of the bag, so to speak, as to perceived disunity. Members have already been invited to two ceremonies, and while a legal injunction might force all prospective inductees to attend one ceremony, it does not exactly project unity among the PCNI branches. *See Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011) (affirming lower court holding that alleged "reputational damage" was not imminent injury that could be remedied by preliminary injunction, where legislative declaration criticizing business had already been enacted).

Because Plaintiff failed to establish that it will suffer irreparable harm, it is not entitled to a preliminary injunction. Accordingly, the Court need not proceed to the "likelihood of success" prong.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's request for a preliminary injunction. [Dkt. Nos. 2, 3, 11].

**IT IS SO ORDERED.**

_____
**Hon. Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut: July 25, 2018**